UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PIPELINE CONSTRUCTION & MAINTENANCE,  CIVIL ACTION
INC., PCM LEASING, LLC, PHL
MANUFACTURING, LLC, PHL LEASING, LLC

VERSUS                                 NO: 08-4941

ARROW ENGINE COMPANY,                  SECTION: R(4)

**ORDER AND REASONS**

Before the Court is defendant Arrow Engine Company's motion for dismissal, or alternatively for a stay and continuance, under Federal Rule of Civil Procedure 37 and Federal Rule of Civil Procedure 41.[1] For the following reasons, the Court DENIES Arrow's motion for dismissal and GRANTS Arrow's motion for a continuance. The Court also GRANTS Arrow's motion for costs.

**I. BACKGROUND**

This suit arises out of the purchase of 60 industrial engines from defendant Arrow Engine Company by plaintiffs Pipeline Construction & Maintenance, Inc., PCM Leasing, LLC, PHL Manufacturing, LLC, and PHL Leasing, LLC.[2] Plaintiffs purchased the engines and installed them in oil fields in Louisiana, Texas,

---

[1] (R. Doc. 31.)

[2] (R. Doc. 1.)

Mississippi, and Oklahoma.[3] Once installed, plaintiffs claim that the engines began to break.[4] For example, plaintiffs assert that the intake and exhaust valves in certain engines seized and cylinder heads cracked in others.[5] Arrow attempted to repair the defunct engines, but could not do so.[6] Consequently, plaintiffs have removed the engines from the oil fields in which they were installed and replaced the engines with engines purchased from other manufacturers.[7]

On October 8, 2008 plaintiffs sued Arrow in Louisiana state court asserting claims under Louisiana law for breach of contract, redhibition, and breach of warranty.[8] Arrow removed the case to this Court on November 14, 2008 on the grounds that the parties were diverse under 28 U.S.C. § 1332.[9]

On July 15, 2009, Arrow filed a motion for leave to propound additional Interrogatories in this case.[10] The Court granted Arrow's motion and Arrow propounded its discovery request on July

---

[3] (R. Doc. 1.)

[4] (R. Doc. 1.)

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] (R. Doc. 18.)

24, 2009.[11]  Plaintiffs responses to Arrow's discovery request were due on August 23, 2009.

On September 23, 2009, Arrow moved to compel plaintiffs to respond to its discovery request.[12]  Specifically, Arrow requested that plaintiffs provide written responses to its First Set of Interrogatories, First Set of Requests for Production, and clarify plaintiff's Rule 26 disclosures.[13]  Arrow contended that the information related to the purchase, installation, use and maintenance of each of the sixty engines and was therefore necessary to investigate plaintiffs' allegations and defend the suit.  On November 25, 2009, Arrow received approximately 1100 pages of documents.[14]  The documents include invoices detailing work performed on the engines at issue.  The documents do not, however, identify the specific engine on which the work was performed.  Arrow did not receive written responses to its First Set of Interrogatories or clarification of plaintiff's Rule 26 disclosures.[15]  The Court granted Arrow's motion to compel on January 11, 2010, and ordered plaintiffs to provide complete responses to Arrow's discovery requests no later than January 22,

---

[11]   (R. Doc. 19.)

[12]   (R. Doc. 21.)

[13]   *Id.*

[14]   (R. Doc. 31, Ex. E.)

[15]   *Id.*

3

2010.[16] On January 29, 2010, Arrow filed this motion under Rule 37, which governs a party's failure to make disclosures or to cooperate in discovery.[17]

**II. DISCUSSION**

The Court has wide latitude in determining the appropriate sanction for failure to comply with discovery and, especially, for failure to comply with a Court Order. Rule 37(b)(2)(A) provides that a Court may, among other alternatives, " . . . stay[] further proceedings until the order is obeyed," and "dismiss[] the action or proceeding in whole or in part."[18]

**A. Rule 37 Sanctions for Not Obeying a Discovery Order**

Rule 37(b)(2)(A)(v) authorizes a court to dismiss an action with prejudice when a party fails to obey a discovery order. The Fifth Circuit has noted, however, that dismissal with prejudice is a "draconian remedy," which the district court should impose only as a matter of last resort.[19] Courts should use sanctions as a "lethal weapon" only under extreme circumstances.[20] The

---

[16] (R. Doc. 26.)

[17] (R. Doc. 31.) *See* Fed. R. Civ. P. 37.

[18] Fed. R. Civ. P

[19] *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985).

[20] *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993).

4

Court may dismiss a case as a sanction for violating a discovery order only when the following conditions are met: (1) the refusal to comply results from bad faith or willfulness and is accompanied by delay or contumacious conduct; (2) the violation is attributable to the client instead of the attorney; (3) the violating conduct substantially prejudices the other party; and (4) a less severe sanction would not achieve the same result.[21]

Arrow claims that plaintiffs never complied with the Court's order and now moves to dismiss pursuant to Rule 37(b)(2)(A)(v).[22] Plaintiffs concede that they failed to comply with the order but assert that the failure is because the responsive documents Arrow requests are not available.[23] Plaintiffs contend that Hurricane Gustav destroyed the documents when it flooded plaintiffs' offices in Houma, Louisiana.[24]

After reviewing the facts of this case, the Court declines to impose the ultimate sanction of dismissal for plaintiffs' failure to comply with the Court's January 11 order. Before the Court's January 11 order, plaintiffs produced over 1,100 pages of

---

[21] *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

[22] (R. Doc. 31.)

[23] (R. Doc. 32.)

[24] *Id.*

documents.[25] These documents included invoices for mechanical repairs plaintiffs had conducted on the defunct engines.[26] In a December 30, 2009 email, plaintiffs also provided Arrow access to each of the engines at issue if it wanted to independently examine them.[27] While Arrow argues that it cannot obtain expert analysis and opinion in time to meet the existing trial deadlines given plaintiffs' delays, it does not suggest that it could not do so given both access to the engines and the proffered repair invoices.[28] As a result, the Court finds that a less severe sanction than dismissal is justified in this case. Accordingly, the Court DENIES Arrow's motion to dismiss and GRANTS Arrow's motion to continue.

The Court recognizes that plaintiffs' failure to adequately comply with the Court's January 11 order has prejudiced defendant's preparation for trial, and will continue to do so. The Court thus ORDERS the plaintiffs to respond to defendant's remaining discovery requests--Arrow's First Set of Interrogatories and clarification of plaintiffs' Rule 26 disclosures--within 10 days of the entry of this Order.

---

[25] (R. Doc. 31.)

[26] *Id.* According to Arrow, the invoices did not indicate the serial number of the engine on which the repair was made.

[27] (R. Doc. 31, Ex. H.)

[28] (R. Doc. 31.)

Moreover, in so doing, plaintiffs must clearly indicate information that is no longer available because of Hurricane Gustav.

**B.  Payment of Expenses**

The Court may order, among other things, the dismissal of a claim and the payment of the opposing party's expenses, including attorney's fees.[29]  An award of expenses is appropriate only if the discovery order was proper, a party violated the order, and the expenses incurred by the moving party were caused by failure to comply with the order.[30]  The Rule requires the award of expenses for failure to obey a discovery order unless the disobedient party's failure is "substantially justified," or other circumstances make an award of expenses unjust.[31]

The Court does not find that plaintiffs' failure to obey the Court's January 11 order is "substantially justified." Plaintiffs admit that in addition to any flooding caused by Hurricane Gustav, their own "lack of organization" has made responding to Arrow's discovery requests difficult.[32]  In addition, the correspondence between plaintiffs' counsel and

---

[29]  Fed. R. Civ. P. 37(b)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

[30]  *F.D.I.C.*, 20 F.3d at 1382.

[31]  *Id.*

[32]  (R. Doc. 32.)

Arrow suggest that this "lack of organization" lead to at least some of the delay.[33]  The Court therefore ORDERS plaintiffs to pay Arrow the reasonable attorneys' fees that it incurred in filing the motion to compel and the instant motion

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Arrow's motion for dismissal and GRANTS Arrow's motion for a continuance.  The Court also Orders plaintiffs to respond to Arrow's discovery requests within 10 days of the entry of this order.  The Court further ORDERS Arrow to submit evidence of the reasonable expenses incurred in filing the motion to compel and the instant motion within seven days of the entry of this order.

It is so ordered.

New Orleans, Louisiana, this 16th day of April, 2010.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[33]  (R. Doc. 31, Ex. H.)